465 So.2d 1261 (1985)
J.L. HESTER and International Trade Operations, Inc., Appellants,
v.
Kendrick D. TUCKER d/b/a Tucker Construction, Appellee.
No. 84-896.
District Court of Appeal of Florida, Second District.
February 13, 1985.
Rehearing Denied March 27, 1985.
Guion T. DeLoach, Naples, for appellants.
Brenda Coker Wilson of Faerber & Wilson, Naples, for appellee.
CAMPBELL, Acting Chief Judge.
Appellants, J.L. Hester and International Trade Operations, Inc. (International), seek review of the final judgment awarding appellee $18,800, plus ten percent interest from October 10, 1980, and costs. We affirm the decision of the trial court except for the portion finding J.L. Hester individually liable.
The issue we address on this appeal is whether, in the absence of fraud, a stockholder is personally liable on a contract which he signed in his capacity as president of a corporation.
On September 24, 1974, International entered into a contract with appellee for the construction of a residence on real property held by International, for a sum of $197,251. J.L. Hester signed the contract in his capacity as president of International, a closely held corporation. This lawsuit arose when appellants refused to make the final payment on the contract on the basis that certain items under the contract had not been completed or required correction. On July 15, 1981, appellee filed suit against J.L. Hester and International for the balance of the contract price.
Appellee states that when the contract was entered, he was told that the residence would be the asset of International, built for speculation. Appellee notes that J.L. Hester selected every fixture, tile and color for the residence, and that he and his family moved into the house upon its substantial *1262 completion. The residence was transferred from International to Hester and his wife in April of 1982.
The trial court found that J.L. Hester and International were "one and the same and that the liability and indebtedness of one... shall be the liability and indebtedness of the other."
On appeal, J.L. Hester argues that in the absence of evidence of improper use of the corporation or wrong doing, it was error to pierce the corporate veil so as to hold J.L. Hester, stockholder and president, individually liable for the debts of International. We agree.
In Dania Jai-Alai Palace, Inc., Carrousel Concessions, Inc. and Saturday Corp. v. Sykes, 450 So.2d 1114 (Fla. 1984), the court stated that the corporate veil may be pierced where it is apparent that the corporation was a mere device or sham, or was a mere instrumentality or agent of another corporation or an individual owning all or most of the stock, or where the purpose was to evade some statute or accomplish some fraud or illegal purpose. The court held that "the corporate veil may not be pierced absent a showing of improper conduct." Id. at 1121.
International has been operating since 1966, and Hester has carried on extensive business projects and construction by way of the corporation. The transfer of the residence from International to Hester and his wife, after it was built, does not establish that there was fraud at the time that the contract was entered into. The evidence does not indicate that the corporation was used to accomplish fraud or mislead appellee or Hester's creditors. Accordingly, the facts in this case do not show improper conduct justifying the disregard of the corporate fiction.
For the reasons stated above, we affirm the decision of the trial court on all issues, except that we reverse as to the finding that J.L. Hester was individually liable.
Affirmed in part, reversed in part, and remanded.
SCHOONOVER, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.